UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

MITCHELL J. KLEMASKE, on
behalf of himself and all
others similarly situated,

       NO. CIV. S-04-1750 FCD KJM P

     Plaintiff,

  v.                   MEMORANDUM AND ORDER

CALIFORNIA DEPARTMENT OF
CORRECTIONS AND
REHABILITATION, et al.,

     Defendants.
_____/

----oo0oo----

     This matter comes before the court on defendants'
motion to dismiss plaintiff's complaint pursuant to Rule 12(b)(1)
and motion for a more definite statement pursuant to Rule 12(e)
of the Federal Rules of Civil Procedure.[1]  For the reasons set
forth below, defendants' motion to dismiss is GRANTED in part and

---

     [1]   All further references to a "Rule" are to the Federal
Rules of Civil Procedure.

1  DENIED in part.[2]  Defendants' motion for a more definite
2  statement is DENIED.

3                          **BACKGROUND**[3]

4       Plaintiff Mitchell J. Klemaske is a state prison inmate,
5  currently incarcerated at the California Institute for Men
6  ("CIM") in Chino, California.  (First Am. Compl. ("FAC"), filed
7  Nov. 9, 2005, ¶ 7).  Plaintiff is a nonviolent offender who is
8  qualified to live in Level I housing and to participate in the
9  Conservation Camp Program.  (Id. ¶ 14).  Plaintiff also has a
10 psychiatric disability.  (Id. ¶ 7).

11      Plaintiff brings this action under the Americans with
12 Disabilities Act ("ADA"), the Rehabilitation Act ("RA"), and
13 California Government Code § 11135.  Plaintiff alleges that
14 defendants have "adopted, implemented, ratified, and/or failed to
15 abolish unnecessary and discriminatory policies, practices, and
16 procedures affecting the inmates with psychiatric disabilities."
17 (Id. ¶ 15).  Specifically, plaintiff asserts that he was
18 unnecessary excluded or screened out from placement in the
19 Conservation Camp Program and excluded from Level I housing
20 assignments.  (Id.)  As a result of this alleged discrimination,
21 plaintiff was denied equal access to prison programs, services,
22 and activities.  (Id. ¶ 16).  Plaintiff also asserts that the
23 alleged discrimination afforded him less advantageous credit
24 earning status.  (Id. ¶¶ 30, 36, 43).  As a result, plaintiff

25 _____

26      [2]      Because oral argument will not be of material
   assistance, the court orders this matter submitted on the briefs.
27 E.D. Cal. Local Rule 78-230(h).

        [3]      The facts of this case are taken from plaintiff's
28 allegations in the complaint.

                                2

1  seeks "an order granting such other injunctive relief as may be

2  appropriate," declaratory relief, compensatory damages, costs and

3  attorneys' fees, and such other relief as the court deems just

4  and proper.

5      Defendants filed a motion to dismiss pursuant to Rule

6  12(b)(1) on November 23, 2005.  Defendants contend that this

7  court does not have jurisdiction over plaintiff's claims because

8  they necessarily affect the length of plaintiff's incarceration.

9  Defendants also filed a motion for a more definite statement

10  pursuant to Rule 12(e), arguing that plaintiff's complaint should

11  allege which major life activity has been affected by plaintiff's

12  alleged disability.

13                              **STANDARD**

14  **A.   Rule 12(b)(1):  Subject Matter Jurisdiction**

15      Lack of subject matter jurisdiction may be asserted by

16  either party or the court, *sua sponte*, at any time during the

17  course of an action.  Fed. R. Civ. P. 12(b)(1).  Once challenged,

18  the burden of establishing a federal court's jurisdiction rests

19  on the party asserting the jurisdiction.  See Farmers Ins. Exch.

20  v. Portage La Prairie Mut. Ins. Co., 907 F.2d 911, 912 (9th Cir.

21  1990).  There are two forms of 12(b)(1) attacks on subject matter

22  jurisdiction: facial and factual attacks.  See Thornhill Publ'g

23  Co. v. General Tel. & Elecs. Corp., 594 F.2d 730, 733 (9th Cir.

24  1979).  In an action such as this, where defendant contends that

25  the lack of federal jurisdiction appears from the "face of the

26  complaint," the allegations in the complaint are taken as true

27  for the purposes of the motion.  Id.

28  /////

                                  3

**B.    Rule 12(e): More Definite Statement**

A motion for a more definite statement should not be granted unless a pleading is "so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." Fed. R. Civ. P. 12(e). This liberal standard is consistent with Fed. R. Civ. P. 8(a)(2) which allows pleadings that contain a "short and plain statement of the claim." The Rules anticipate that the parties will familiarize themselves with the claims and ultimate facts through the discovery process. See Famolare, Inc. v. Edison Brothers Stores, Inc., 525 F. Supp. 940, 949 (E.D. Cal. 1981). Indeed, "where the information sought by the moving party is available and/or properly sought through discovery, the motion should be denied." Id.

**ANALYSIS**

**A.    Motion to Dismiss for Lack of Jurisdiction**

Defendants contend that the court lacks jurisdiction over this case because plaintiff is challenging the length of his confinement. In Preiser v. Rodriguez, the Supreme Court held that

> when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus.

411 U.S. 475, 500 (1973). In Preiser, the respondents were state prisoners who were deprived of good-conduct-time credits by the New York State Department of Correctional Services as a result of disciplinary proceedings. Id. at 476. The prisoners brought suit under 42 U.S.C. § 1983, alleging that their due process

4

1  rights had been violated when their credits were revoked.  <u>Id.</u>

2  In each respondent's case, the restoration of good-conduct-time

3  credits entitled the prisoner to immediate release on parole.

4  <u>Id.</u> at 479-81.  However, the Court stated that "even if the

5  restoration of the respondents' credits would not have resulted

6  in their immediate release, but only in their shortening the

7  length of their actual confinement in prison, habeas corpus would

8  have been the appropriate remedy."  <u>Id.</u> at 487.

9      Plaintiff asserts that the Court's holding in <u>Preiser</u> does

10 not apply to this case because his claims do not *necessarily*

11 affect the length of his confinement.  Plaintiff also argues that

12 ir is well established that the ADA applies to state prisons.

13 <u>Pennsylvania Department of Corrections v. Yeskey</u>, 524 U.S. 206

14 (1998).  Defendants do not dispute that a state prisoner can sue

15 for prospective relief or monetary relief under the ADA.  Rather,

16 defendants argue that if plaintiff prevails, the retroactive

17 award of credit that was not initially given would necessarily

18 affect the length of plaintiff's term of imprisonment.

19     In <u>Yeskey</u>, as well as subsequent Ninth Circuit opinions, the

20 issue of whether reinstatement of past good-time credit that

21 would shorten a prisoner's sentence was not directly addressed.

22 <u>See</u> <u>Thompson v. Davis</u>, 295 F.3d 890, 895 (9th Cir. 2002)

23 (plaintiffs seeking prospective relief only); <u>Lee v. City of Los</u>

24 <u>Angeles</u>, 250 F.3d 668, 690-92 (9th Cir. 2001) (remanding to give

25 plaintiffs opportunity to amend ADA claim).  However, without an

26 explicit exception for the reinstatement of good-time credits

27 pursuant to an ADA, RA, or state disability claim, the mandate of

28 the Supreme Court in <u>Preiser</u> is clear and must be followed by the

court.  Where a prisoner seeks a determination that he is
entitled to a speedier release and requests injunctive relief
granting or reinstating past good-time credit, the exclusive
federal remedy is a writ of habeas corpus.  See Preiser, 411 U.S.
at 500.[4]

In his complaint, plaintiff requests injunctive relief, but
does not enumerate what specific relief he seeks.  Therefore, to
the extent that plaintiff seeks the court to order the award of
past good time credit, defendants' motion is GRANTED.  However,
to the extent that plaintiff seeks prospective injunctive relief,
declaratory relief, or monetary relief, defendants' motion is
DENIED.

**B.    Motion for a More Definite Statement**

Defendants request the court to order plaintiff to provide a
more definite statement because plaintiff's complaint "fails to
allege any facts indicating that he does in fact have a
disability."  (Def.'s Mot., filed Nov. 23, 2005, at 5).
Plaintiff's complaint need only contain "a short and plain
statement of the claim showing that the pleader is entitled to
relief."  Fed. R. Civ. Proc. 8(a)(2); Swierkiewicz v. Sorema
N.A., 534 U.S. 506, 508 (2002).  "[U]nder a notice pleading
system, it is not appropriate to require a plaintiff to plead
facts establishing a prima facie case."  Swierkiewicz, 534 U.S.
at 511.  Rather, the complaint must simply "'give the defendant
fair notice of what the plaintiff's claim is and the grounds upon

---

[4]      The Preiser Court made no finding that this holding was
in any way limited to actions brought pursuant to 42 U.S.C. §
1983.

1 | which it rests.'" <u>Id.</u> at 512 (quoting <u>Conley v. Gibson</u>, 355 U.S.
2 | 41, 47 (1957)).  The liberal notice pleading standard "relies on
3 | liberal discovery rules and summary judgment motions to define
4 | disputed facts and issues and to dispose of unmeritorious
5 | claims." <u>Id.</u>  A motion for a more definite statement should not
6 | be granted unless a pleading is "so vague or ambiguous that a
7 | party cannot reasonably be required to frame a responsive
8 | pleading."  Fed. R. Civ. P. 12(e).

9 |      Plaintiff's complaint alleges that he has a psychiatric
10 | disability as defined by the ADA and the RA.  This, in addition
11 | to the other facts alleged by plaintiff, is sufficient to put
12 | defendants on notice of the grounds for plaintiff's claims.
13 | Plaintiff's failure to identify the major life activity affected
14 | by his disability does not render the complaint so vague or
15 | ambiguous that defendant could not reasonable frame a responsive
16 | pleading.  As such, defendants' motion for a more definite
17 | statement is DENIED.

18 | /////
19 | /////
20 | /////
21 | /////
22 | /////
23 | /////
24 | /////
25 | /////
26 | /////
27 | /////
28 | /////

**CONCLUSION**

For the foregoing reasons, defendants' motions are GRANTED in part and DENIED in part.  To the extent that plaintiff's claims seek an award of past good-time credit, defendants' motion is GRANTED and plaintiff's claim is dismissed for lack of jurisdiction.  To the extent that plaintiff's claims seek prospecting injunctive relief, declaratory relief, or monetary relief, defendant's motion to dismiss is DENIED.  Defendants' motion for a more definite statement is DENIED.


IT IS SO ORDERED.

DATED: February 1, 2006


/s/ Frank C. Damrell Jr.
FRANK C. DAMRELL, Jr.
UNITED STATES DISTRICT JUDGE